IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CALVIN RAY, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00712-FB |
| vs. | § § § | |
| ATTORNEY GENERAL'S OFFICE CHILD SUPPORT DIVISION, | § § § § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court in the above-styled cause of action is Plaintiffs' *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, filed July 26, 2021 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff Calvin Ray seeks leave to proceed in forma pauperis ("IFP") based on the inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but recommend that Plaintiff's case be dismissed as frivolous under 28 U.S.C. §1915(e).

**I. Analysis**

**A.    Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is disabled and unemployed and receives $794 every month in Supplemental Security Income.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

**B.      Plaintiff's Complaint should be dismissed as frivolous.**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

This case arises out of a dispute over child support payments.  Plaintiff sues the Office of the Attorney General's Child Support Division, alleging that he is disabled and unable to work due to his disability yet has been assessed with $29,597.12 of unpaid child support payments.

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Plaintiff appears to be claiming that his Supplemental Security Income is not earned income and should not have been garnished as wages for child support.

It is unclear what legal causes of action Plaintiff is attempting to bring through this lawsuit, but regardless of the nature of Plaintiff's claims, Plaintiff's case must be dismissed for lack of jurisdiction. Plaintiff asks the Court to drop all charges against him for back child support. Plaintiff is essentially asking the Court to modify an existing child support order, issued by a state court in conjunction with a Suit Affecting a Parent Child Relationship ("SAPCR"). The Court lacks jurisdiction to order such relief or to entertain a suit against the Texas Attorney General's Office.

The Eleventh Amendment divests this Court of jurisdiction over claims against the State of Texas and any state agency or state official where the state is the real, substantial party in interest. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). There is a recognized exception to this principle, where a plaintiff seeks only prospective, injunctive relief from a state actor, based on an ongoing violation of the federal constitution, as opposed to monetary damages. *See NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (quoting *Ex Parte Young*, 209 U.S. 123 (1908)).

Even if Plaintiff could overcome the jurisdictional bar of the Eleventh Amendment, his lawsuit is a challenge to a state-court judgment and is therefore barred by the *Rooker-Feldman* doctrine. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. *See id.* The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal

court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).

The Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014).  Therefore, there are some circumstances in which a federal lawsuit would not be barred under *Rooker-Feldman*, such as where the alleged injuries were caused by something other than the state court judgment itself.  *Id.*  These exceptions do not apply in this case, in which Plaintiff asks the Court to vacate a state-court judgment regarding child support payments.  This is not the proper vehicle for Plaintiff to seek this relief.  The Court directs Plaintiff to the Texas State Law Library's resources on how to petition for the modification of a SAPCR in state court.   *See* https://guides.sll.texas.gov/child-custody-and-support/modifying-a-sapcr (last visited July 27, 2021).

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **GRANTED** but Plaintiff's case be **DISMISSED** pursuant to Section 1915(e).

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 27th day of July, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE